UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

MARTIN EDWARD MOSHER

CASE NO. 8:13-CR-147124hAP
29 U.S.C. § 501(c)
29 U.S.C. § 439(b)
18 U.S.C. § 1001
Forfeitures: 18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**

From on or about April 3, 2008, through on or about October 22, 2010, at Hillsborough County, in the Middle District of Florida, and elsewhere,

MARTIN EDWARD MOSHER,

defendant herein, while an officer, that is, treasurer, of United Steelworkers of America (USW) Local Union 458, a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use the moneys, funds, securities, property, and other assets of said labor organization in the approximate amount of $44,078.81.

In violation of Title 29, United States Code, Sections 501(c).

1

## COUNT TWO

1.  At all times material to this Indictment United Steelworkers of America (USW) Local Union (LU) 9-458 was a labor organization engaged in an industry affecting commerce and subject to the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. §401, et seq.

2.  On or about March 31, 2008, at Plant City, Hillsborough County, in the Middle District of Florida, and elsewhere,

MARTIN EDWARD MOSHER,

defendant herein, did make a false statement and representation of material fact knowing it to be false in a report and document required to be filed by USW LU 9-458 with the Secretary of Labor pursuant to Section 431 of Title 29, United States Code, that is, the annual financial report form LM-3 for the union's fiscal year ending on December 31, 2007, by stating on line 4 of page 3 in columns E and F of that report that Allowances and Other Distributions and Total paid to Martin Mosher was $1,400 when, as the defendant well knew, the total he received in 2007 was in excess of $14,000.

All in violation of Title 29, United States Code, Section 439(b).

## COUNT THREE

1.  At all times material to this Indictment United Steelworkers of America (USW) Local Union (LU) 9-458 was a labor organization engaged in an industry affecting commerce and subject to the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. §401, et seq.

2. On or about March 31, 2009, at Plant City, Hillsborough County, in the Middle District of Florida, and elsewhere,

MARTIN EDWARD MOSHER,

defendant herein, did make a false statement and representation of material fact knowing it to be false in a report and document required to be filed by USW LU 9-458 with the Secretary of Labor pursuant to Section 431 of Title 29, United States Code, that is, the annual financial report form LM-3 for the union's fiscal year ending on December 31, 2008, by stating on line 4 of page 3 in columns E and F of that report that Allowances and Other Distributions and Total paid to Martin Mosher was $1,200 when, as the defendant well knew, the total he received in 2008 was in excess of $11,000.

All in violation of Title 29, United States Code, Section 439(b).

## COUNT FOUR

1. At all times material to this Indictment United Steelworkers of America (USW) Local Union (LU) 9-458 was a labor organization engaged in an industry affecting commerce and subject to the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. §401, et seq.

2. On or about March 31, 2010, at Plant City, Hillsborough County, in the Middle District of Florida, and elsewhere,

MARTIN EDWARD MOSHER,

defendant herein, did make a false statement and representation of material fact knowing it to be false in a report and document required to be filed by USW LU 9-458 with the Secretary of Labor pursuant to Section 431 of Title 29, United States Code, that is, the annual financial report form LM-3 for the union's fiscal year ending on December 31, 2009, by stating on line 4 of page 3 in columns E and F of that report that Allowances and Other Distributions and Total paid to Martin Mosher was $1,200 when, as the defendant well knew, the total he received in 2009 was in excess of $19,000.

All in violation of Title 29, United States Code, Section 439(b).

## COUNT FIVE

On or about January 12, 2012, at Lakeland, Polk County, in the Middle District of Florida,

MARTIN EDWARD MOSHER,

defendant herein, did knowingly and willfully make and cause to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, in that he stated to investigators of the Department of Labor Office of Labor-Management Standards that he was authorized to be paid a salary of $1,000 a month/$12,000 a year for his services as Treasurer for the United Steelworkers of America (USW) Local Union (LU) 9-458 during the years 2005 through 2010 and that the moneys he paid himself through the LU bank account and moneys he deposited into his personal bank account which came from the USW International Union (IU) in the form of dues

4

reembursement checks were moneys he was owed for his salary, when in truth and in fact, as the defendant then and there well knew, he was not authorized that amount of money for his services as Treasurer and he was not authorized to deposit checks from the USW IU into his personal bank account.

All in violation of Title 18, United States Code, Section 1001(a)(2).

### FORFEITURES

1. The allegations contained in Count One of this Indictment are incorporated by reference for the purpose of alleging forfeitures, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. From his engagement in any and all violations alleged in Count One, in violation of Title 29, United States Code, Section 501(c), punishable by imprisonment for more than one year, the defendant, MARTIN EDWARD MOSHER, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violations.

3. Specifically, the property to be forfeited includes, but is not limited to, a forfeiture money judgment of at least $44,078.81, representing the proceeds the defendant obtained as a result of his offenses.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL,

*/s/ Patricia Alvin*
FOREPERSON

ROBERT E. O'NEILL
United States Attorney

By: *[signature]*
DONALD L. HANSEN
Assistant United States Attorney

By: *[signature]*
W. STEPHEN MULDROW
Assistant United States Attorney
Chief, General Crimes Section

# UNITED STATES DISTRICT COURT

Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

MARTIN EDWARD MOSHER

## INDICTMENT

Violation:
Title 29, United States Code, Sections 501(c) and 439(b)(Misdemeanor)
Title 18, United States Code, Section 1001(a)(2)

A true bill

_Patricia Arvik_
Foreperson

Filed in open court this 20th day
of March, A.D. 2013.

_____
Clerk

Bail  $_____